## CASTLEMAN vs. STONE.

APPEAL from the court of the first district.

PORTER, J. delivered the opinion of the court. The petition states that the defendant and one Thomas Phillips, were negro traders in partnership, and that they sold

a slave belonging to the plaintiff, and received the price for her; that, though often requested, they have refused or failed to pay the same; that they are in consequence bound jointly and severally, and that the defendant is specially liable to pay, because the price of the negro was received by him, and is in his possession.

The action was commenced by attachment, but the defendant appeared by his attorney, and pleaded the general issue. He further averred that his property had not been attached; that if any slave of the plaintiff was sold, she was sold by Thomas Phillips, and that the defendant was a stranger to the contract, and not bound by it.

There was judgment in the court below for the defendant, and the plaintiff appealed.

On the trial, the plaintiff took a bill of exceptions to the decision of the court, permitting the deposition of Phillips, who is stated in the petition to be a partner of the defendant's, to be read in evidenne.

We do not see how this objection could be taken by the plaintiff, as it appears by the return of the dedimus, that the witness was called before the commissioners, and sworn

EasternDis'et
Nov'ber, 1826

CASTLEMAN
*vs.*
STONE.

and examined on the part of the petitioner. But admitting that we could, we do not think it tenable.    The parties were partners for buying and selling negroes.    This is not a commercial, but a particular partnership, in which the partners are not bound in *solido ;* and where, consequently, the interest which one of them has, in an action against the other, goes only to his credit, and not to his competency : for he can neither gain nor lose by the event of the suit, and the verdict could not be given in evidence either for or against him.

The plaintiff also objected to reading part of a deposition, in which certain conversations of the defendant were related.    The court permitted it to be read ; but, accompanied this permission with a declaration, that these declarations were immaterial.    The more correct course would have been to have ordered them to be stricken out ; but this error can work no injury to the plaintiff, as we shall not permit them to enter into our consideration, in examining the merits.

The evidence leaves the case doubtful ; but does not so preponderate as to authorise us to reverse the decision of the court of the first instance.

The person who is alleged to be the partner, swears positively that the slave was placed in his hands to be sold by him; and that he sold the slave, not as the partner of the defendant, but as the friend of the plaintiff, and without charging commission. This statement is somewhat shaken by the circumstances of the witness having made a bill of sale in the name of the partnership, and taken a note payable to them for the price. But the character of the witness is unimpeached; he swears directly against his own interest, and the burthen of making the case clear was on the plaintiff. We, therefore, are of opinion the judgment of the court below should be affirmed with costs.

*Preston* for the plaintiff, *M‘Caleb* for the defendant.